THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THERESA SHAW, Defendant-Appellant.

Fourth District . No. 14718

Opinion filed August 18, 1978.

Richard J. Wilson and Diana N. Cherry, both of State Appellate Defender's Office, of Springfield, for appellant.

Patrick M. Walsh, State's Attorney, of Decatur (Donald R. Parkinson, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant was charged with obstructing justice following a warrantless search of her residence by the police. That search resulted in the capture of her two brothers who were being sought pursuant to warrants for armed robbery filed in Lee County, Illinois. The charge against the defendant was based on statements made by her prior to the search to the effect that her brothers were not in her residence.

At the conclusion of a bench trial, the court found the defendant guilty and sentenced her to 1 to 3 years' imprisonment.

The defendant asserts that the search was illegal thereby making the evidence obtained inadmissible and that the evidence presented at trial was not sufficient to conclude beyond a reasonable doubt she was guilty of obstructing justice. We agree with the latter contention.

■■ The defendant's first contention is without merit. Although a warrantless search conducted by the police is presumptively unconstitutional (*Katz v. United States* (1967), 389 U.S. 347, 19 L. Ed. 2d 576, 88 S. Ct. 507), the State may overcome this presumption by proving that the defendant consented to the search. *Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 36 L. Ed. 854, 93 S. Ct. 2041.

As the trial court indicated, the totality of circumstances shows that the defendant made a voluntary and knowing consent to the search. The search was legal and the evidence obtained was admissible.

■■ The defendant did give false information to the officers, but the statute requires more. It requires that when the false information is given, it must be given with the intent to prevent the apprehension and with knowledge that the information was untrue. (Ill. Rev. Stat. 1975, ch. 38, par. 31—4(a).) The defendant's state of mind or intent can be inferred from proof of the surrounding circumstances. *People v. Baddeley* (1969), 106 Ill. App. 2d 154, 245 N.E.2d 593.

■■ The facts elicited at trial indicate that the defendant had consumed a considerable amount of alcohol prior to retiring at approximately 9 p.m. on the night in question. She was awakened shortly after midnight by the police who informed her they had arrest warrants for her brothers. She informed the officers that her brothers were not there, and, after a quick look through her house, she again stated that her brothers were not there. She thereafter voluntarily consented to a search of the premises. Assuming, *arguendo*, that the defendant knew her brothers were within, the only evidence which can be used to circumstantially prove an intent to prevent their apprehension is the fact that they were subsequently found in the basement of her residence. Any inferences reasonably drawn from this fact are in conflict with the State's assertion that the defendant voluntarily allowed the police to search her home.

We cannot conclude that the presence of the Shaw brothers alone establishes beyond a reasonable doubt an intent on the part of the defendant to obstruct justice.

For the foregoing reasons, the judgment of the trial court of Macon County is reversed.

Reversed.

REARDON, P. J., and TRAPP, J., concur.