THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PHILLIP D. MORGAN, Defendant-Appellant.

Fourth District   No. 4—87—0566

Opinion filed April 28, 1988.

Michael J. Zopf, of Reno, O'Byrne & Kepley, P.C., of Champaign, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and J. A. C. Knuppel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

In the circuit court of McLean County, the defendant Phillip D. Morgan was convicted of obstruction of justice and was sentenced to one-year's probation. In his appeal therefrom, defendant raises two issues.

The first issue is whether defendant was proved guilty beyond a reasonable doubt. The facts relative to this issue follow.

On April 18, 1986, a grand jury was convened in McLean County focusing on obscenity investigations of several different business entities and individuals. In connection with the investigation, a subpoena *duces tecum* was served on the Gentlemen's Adult Bookstore requesting: all records regarding the identity, duties, powers, and responsibilities of all persons who have an ownership interest in said business; all records of persons who exercise power or control over the management of the business or who are involved in purchasing materials to be sold; and the identities of all employees and their duties.

At trial, Verna Stroud, the manager of the bookstore, testified that once she received this subpoena she called the defendant, who was her supervisor. The defendant told her not to worry about it and that he would take care of it.

The next day, the defendant arrived at the bookstore and proceeded to take documents from the locked storeroom and the front desk. The defendant then loaded four boxes of documents into his car. Those documents, dating back to 1978, included daily bookkeeping slips, deposit slips and other documents. She specifically testified that the deposit slips had the names or initials of the clerk working the shift. The defendant also instructed her that, from that day on, any duplicate records of the bookstore were to be kept in the safe.

The People tendered exhibits Nos. 2 through 5, which Ms. Stroud testified were daily bookkeeping sheets with her own handwriting on them. These exhibits were not admitted into evidence.

On the following day, Stroud again had a telephone conversation

with the defendant regarding the documents he took. The defendant told her he had distributed those documents at various rest areas around central Illinois. She also testified that the defendant had never taken documents in this manner before this event, and that she never again saw the documents defendant removed from the store.

Clearly it is fundamental that a defendant is presumed innocent until proved guilty beyond a reasonable doubt and that the prosecution has the burden to prove all the material and essential facts constituting a crime beyond a reasonable doubt. (*People v. Weinstein* (1966), 35 Ill. 2d 467, 220 N.E.2d 432.) However, once the defendant has been found guilty and appears, a presumption of validity accompanies the finding of guilt. "Resolution of factual disputes and the assessment of the credibility of witnesses is for the trier of fact, and a reviewing court will not reverse a conviction unless evidence is so unsatisfactory or improbable that a reasonable doubt as to the defendant's guilt remains." *People v. Gray* (1986), 146 Ill. App. 3d 714, 716, 496 N.E.2d 1269, 1270.

The statute which proscribes obstructing justice states as follows:

"A person obstructs justice when, with intent to prevent the apprehension or obstruct the prosecution or defense of any person, he knowingly commits any of the following acts:

(a) Destroys, alters, conceals or disguises physical evidence ***." (Ill. Rev. Stat. 1985, ch. 38, par. 31—4.)

Defendant contends the State failed in its burden in two areas. First, defendant contends there is no proof the documents defendant removed from the store and concealed were material to the underlying investigation or came within the subpoena. Second, defendant argues his intent to obstruct is not shown.

A defendant's state of mind, of course, can be inferred from proof of the surrounding circumstances. (*People v. Shaw* (1978), 63 Ill. App. 3d 227, 379 N.E.2d 949.) From the testimony of Stroud, the jury could reasonably find that defendant took the records and concealed them at various rest areas throughout central Illinois to prevent the prosecution of himself or others. The jury could also reasonably infer that the documents so concealed would likely have been used to support the State's case in the underlying obscenity investigation. Why else would the defendant act in the fashion he did? (See *People v. Sumner* (1976), 40 Ill. App. 3d 832, 354 N.E.2d 18.) Ironically, had the defendant not concealed them so well, perhaps the documents would have been available at the trial to help support his contentions.

Defendant's second issue on appeal is whether the trial court erred in denying defendant's motion to dismiss the indictment based

on prosecutorial misconduct and a denial of defendant's due process rights. Certainly, the trial court has the inherent power to dismiss an indictment where defendant's right to due process has been violated (*People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244), as well as the supervisory authority to review a transcript of grand jury proceedings to investigate allegations of prosecutional misconduct. (*People v. Linzy* (1979), 78 Ill. 2d 106, 398 N.E.2d 1.) However, in order to support such a dismissal, the record must demonstrate that defendant was actually and substantially prejudiced. *People v. Mack* (1982), 107 Ill. App. 3d 164, 437 N.E.2d 396.

Defendant points out that during the grand jury proceedings, two witnesses, Robert Lee Wellenreiter and Verna Stroud, refused to answer questions based on their fifth amendment rights against self-incrimination. Nevertheless, after the first refusal, the State's Attorney continued to ask a few questions of each until such time as it was determined that these witnesses would answer none of the questions posed to them. Once that was determined, the questioning ceased. The next witness called before the grand jury was Jeff Sanders, an investigating police officer. The second question asked of this witness was, "Now I'm going to ask you at this time if you are acquainted with the business known as Gentlemen's Bookstore and I hope you don't take the fifth amendment?"

Defendant complains that the State's Attorney's continued questioning of the witness and reference to the fifth amendment was part of a design to instill a biased and prejudicial view of the evidence by leading the grand jury to infer there was something to hide. Defendant further argues that testimony concerning homosexual activity in the premises was irrelevant, meant only to influence the jury, and that testimony relative to the interstate investigation of adult bookstore operations and the network of parent and subsidiary corporations owning the stores was intended to lead the grand jurors to believe such businesses to be part of "organized crime." However, a review of the record shows no reference having been made to organized crime in the testimony to which defendant alludes.

■■ "[A] grand jury is not restricted to considering only evidence of a particular offense alleged to have been committed by an accused and often considers other possible charges." (*People v. Jackson* (1978), 64 Ill. App. 3d 307, 310-11, 381 N.E.2d 316, 319.) Moreover, even if some improper evidence may have been presented to the grand jury, that fact does not invalidate an indictment as long as competent witnesses have testified before the grand jury. *Jackson*, 64 Ill. App. 3d 307, 381 N.E.2d 316.

■ However, in this case we find no prosecutorial improprieties which actually and substantially prejudiced defendant. The State's Attorney's examination of Wellenreiter and Stroud was proper. Although the State's Attorney's joke about Officer Sanders taking the fifth amendment was unnecessary and might have been avoided, we see no prejudice to defendant, particularly in light of the fact that Verna Stroud later testified before the grand jury and at defendant's trial that defendant did, in fact, conceal records. And lastly, the testimony about investigations in other municipalities and States concerning corporate structure and the ownership of the stores under investigation was quite relevant to the grand jury probe and cannot be said to have been designed merely to lead the grand jury to infer an involvement by organized crime.

For the foregoing reasons, the judgment of the circuit court of McLean County is affirmed.

Affirmed.

GREEN, P.J., and LUND, J., concur.