NO. 4-99-0632

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

) Champaign County

JACQUELINE K. SMITH, ) No. 98CF1493

Defendant-Appellant. )

) Honorable

) Thomas J. Difanis,

) Judge Presiding.

_________________________________________________________________

JUSTICE COOK delivered the opinion of the court:

On January 6, 1999, defendant, Jacqueline K. Smith, pleaded guilty to obstruction of justice (720 ILCS 5/31-4(a) (West 1998)) and the trial court sentenced her to 12 months' conditional discharge, with 180 days in jail.  One of the conditions of her conditional discharge was that she not violate the criminal statutes of any jurisdiction.  In February 1999, the State filed a petition to revoke defendant's conditional discharge, alleging that she violated the terms of her conditional discharge by again committing the offense of obstructing justice.  720 ILCS 5/31-4(a) (West 1998).  The trial court found the State proved the grounds alleged, revoked her conditional discharge, and resentenced defendant to an extended six-year prison term for the underlying obstruction-of-justice conviction.  Defendant appeals.  We affirm.

Defendant was a passenger in a vehicle that police stopped in the early morning hours in a high drug-crime area in Champaign.  Police officer Brian Gallagher asked defendant to step out of the vehicle.  Defendant stepped out and Gallagher asked her if she had anything in her purse.  She responded that she did not and asked Gallagher if he wanted to search her purse.  Gallagher searched her purse and found no contraband.  Gallagher then asked defendant to open her mouth.  He testified that he did so because, in his experience, narcotics buyers will often hide drugs in their mouths so that they may be easily destroyed to prevent their discovery by police.  Gallagher testified that in response to his request defendant "closed her mouth very tightly and made two exaggerated swallowing motions."  Gallagher was approximately six inches from her and could "see that her throat was making a swallowing[-]type movement."  Gallagher again asked defendant to open her mouth.  She did so and he looked inside her mouth with a flashlight, observing a white substance on the tip of her tongue.  Gallagher described the substance he observed as "consistent with how crack cocaine" appeared to him.  Specifically, he described the object as "small, white, had, like a rock[-]like shape to it, jagged edges."  

Gallagher asked defendant to stick out her tongue.  He observed the substance for approximately 45 seconds, while he was trying to put on a rubber glove so that he could remove the substance.  Before Gallagher could put on the glove, defendant put her tongue back inside her mouth.  He asked her again to put her tongue out, but when she did, the substance was gone.  Gallagher testified that after he first saw the substance on defendant's tongue he had probable cause to believe she had narcotics in her mouth, and he then ordered her to stick her tongue out.  Defendant was arrested for obstructing justice.    

Defendant denied that she had any controlled substance or anything else on her tongue.  The trial court found that the State had proved that defendant had violated a condition of her conditional discharge, that defendant "didn't keep her tongue in an area where Officer Gallagher could retrieve what he suspected was crack cocaine that he saw on her tongue," and "whether it was crack cocaine or not, doesn't make any difference."         

In a hearing to revoke conditional discharge, the State has the burden of going forward and proving a violation by a preponderance of the evidence.  
People v. Whitfield
, 147 Ill. App. 3d 675, 679, 498 N.E.2d 262, 265 (1986).  In the appellate court, a revocation of conditional discharge will be overturned only when it is contrary to the manifest weight of the evidence.  
Whitfield
, 147 Ill. App. 3d at 679, 498 N.E.2d at 265.  
De
 
novo
 review is only appropriate when neither the facts nor the credibility of witnesses is disputed.  
People v. Anthony
, 198 Ill. 2d 194, 201, 761 N.E.2d 1188, 1191 (2001).  Even when the facts are undisputed, where reasonable persons could draw divergent inferences from those facts, any question of fact should be resolved by the trier of fact.  
Jackson v. TLC Associates, Inc.
, 185 Ill. 2d 418, 424, 706 N.E.2d 460, 463 (1998).   

The State's amended petition to revoke alleged:

"[Defendant] wilfully violated the conditions 

of her conditional discharge in that on Feb-

ruary 9, 1999[,] she committed the offense of 

[o]bstructing [j]ustice in that she knowingly 

and with the intent to prevent her own appre-

hension destroyed evidence, in violation of 

720 ILCS 5/31-4."

The argument is made that defendant had already been apprehended when she destroyed evidence and that the State accordingly failed to prove an essential element of the offense as charged.

The statute that proscribes obstructing justice states:

"A person obstructs justice when, with 

intent to prevent the apprehension or obstruct 

the prosecution or defense of any person, he 

knowingly commits any of the following acts:

(a) Destroys, alters, conceals or dis-

guises physical evidence ***[.]"  720 ILCS 

5/31-4(a) (West 1998).

    In 
People v. Miller
, 253 Ill. App. 3d 1032, 1036, 628 N.E.2d 893, 897 (1993), a conviction of obstructing justice was reversed because "[t]he State failed to prove beyond a reasonable doubt an essential element of the offense as charged."  Defen-dant, who had been arrested for possession of alcohol by a minor, gave two false names while in custody at the police station.  The complaint charged defendant with intent to prevent his own "apprehension" and did not charge him with intent to obstruct his prosecution.  
Miller
, 
253 Ill. App. 3d at 1035, 628 N.E.2d at 896.  "Since the evidence shows that the defendant was already under arrest when he gave purportedly false names to the officer, he could not have offered such information with the intent to prevent his apprehension or arrest--an event that had already taken place."  
Miller
, 253 Ill. App. 3d at 1036, 628 N.E.2d at 897.  

In 
Miller
, the defendant had already been arrested at the time the obstruction of justice occurred.  The argument is made that even though the defendant in the present case had not been arrested, she had been "apprehended" in the sense that she would not have felt that she was free to leave.  Defendant was not apprehended for possession of narcotics, however, when she was first asked to open her mouth.  We reject any implication in 
Miller
 that it is impossible for a person who has been apprehended on one charge to destroy evidence in an attempt to prevent his apprehension on another charge.  Defendant here had not been apprehended on any charge when she was first asked to open her mouth.

When an information is attacked before trial, the information must strictly comply with the pleading requirements set out in section 111-3(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/111-3(a) (West 1998)).  
People v. Hughes
, 229 Ill. App. 3d 469, 471, 592 N.E.2d 668, 669 (1992).  When attacked for the first time on appeal, however, the sufficiency of an information is not determined by whether its form precisely follows the provisions of section 111-3(a) of the Code.  
People v. Gilmore
, 63 Ill. 2d 23, 29, 344 N.E.2d 456, 460 (1976).  Rather, it is sufficient that the information "apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct."  
People v. Pujoue
, 61 Ill. 2d 335, 339, 335 N.E.2d 437, 440 (1975); see also 
People v. Thingvold
, 145 Ill. 2d 441, 448, 584 N.E.2d 89, 91 (1991).  Failure to allege an element of the offense in the complaint does not necessarily violate the appellate sufficiency standard.  
Pujoue
, 61 Ill. 2d at 339, 335 N.E.2d at 440.   

It does not appear that defendant was hindered in any way from preparing her defense, whether she was "apprehended" moments before she swallowed the substance or moments after.  Defendant knew exactly what she was charged with doing.  Nor is there any problem with pleading the conviction in this case as a bar to future prosecution arising out of the same conduct.  "A complaint for a statutory offense must 
either
 set out the offense in the language of the statute 
or
 specifically set forth the facts which constitute the crime and must notify the accused with reasonable certainty of the precise offense charged."  (Emphases added.)  
Miller
, 253 Ill. App. 3d at 1035, 628 N.E.2d at 896.  A prior prosecution on the same facts may be proved by resort to the record, not just by looking at the charging document.  
Gilmore
, 63 Ill. 2d at 30, 344 N.E.2d at 461.  The charge here was that defendant committed the offense of "[o]bstructing [j]ustice" in that she "destroyed evidence" on February 9, 1999.  Defendant knew exactly what she was alleged to have done, whether that was labeled preventing "apprehension" or obstructing "prosecution."  

The difference between preventing "apprehension" and obstructing "prosecution" appears to be a matter of timing.  Destroying evidence would appear to prevent apprehension up until the time of apprehension; after that time, destroying evidence would appear to obstruct prosecution.  The precise moment at which apprehension occurs, however, is not relevant to any issue, at least not in this case.  The same intent that would prevent apprehension would obstruct prosecution.  The State is generally not required to prove that a crime was committed at a particular time, unless the allegation of a particular time is an essential ingredient of the offense or a statute-of-limitations question is involved.  
People v. Suter
, 292 Ill. App. 3d 358, 363, 685 N.E.2d 1023, 1027 (1997).  

The date alleged in the charging instrument ordinarily need not be proved precisely and any irregularity between the indictment and proof establishing the offense was committed on a date other than that precisely alleged is not a fatal variance.  
People v. Pecoraro
, 144 Ill. 2d 1, 19, 578 N.E.2d 942, 950 (1991) (defendant sufficiently apprised of precise offense and not shown to have been prejudiced by error in date of offense).  To be fatal, a variance between the charging document and the proof at trial "'must be material and be of such character as may mislead the accused in making his defense or expose him to double jeopardy.'[Citations.]"  
People v. Davis
, 82 Ill. 2d 534, 539, 413 N.E.2d 413, 416 (1980); 
People v. Santiago
, 279 Ill. App. 3d 749, 753, 665 N.E.2d 380, 382 (1996) (misnaming the victim did not surprise or mislead defendant; no risk of double jeopardy because a prior prosecution on the same facts may be proved by resort to the record).  Even if defendant was really convicted of obstruction of prosecution, there was no fatal variance on the facts of this case.  

Defendant next argues that the State did not prove that the substance she swallowed was a controlled substance.  A defendant's state of mind, however, can be inferred from proof of the surrounding circumstances.  
People v. Morgan
, 169 Ill. App. 3d 368, 371, 523 N.E.2d 560, 562 (1988) (documents concealed after service of subpoena and never found could reasonably be inferred to have supported State's case in underlying investigation).  It is not necessary that defendant actually be charged with the underlying offense.  See 
People v. Hollingsead
, 210 Ill. App. 3d 750, 762, 569 N.E.2d 216, 224 (1991).  "The intent to obstruct an individual's defense is not negated by the fact that the suspect is subsequently not charged with a corresponding crime."  
Hollingsead
, 210 Ill. App. 3d at 762, 569 N.E.2d at 224 (police officer obstructed justice by planting false evidence).  The fact that an obstruction of justice is successful, the fact that it prevents the prosecution of the underlying offense, does not prevent the prosecution of the obstruction charge.

Defendant finally argues that her extended-term sentence must be reduced in light of 
Apprendi v. New Jersey
, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455, 120 S. Ct. 2348, 2362-63 (2000), because the State did not allege in the charging instrument or prove beyond a reasonable doubt that her prior record justified an extended term pursuant to section 5-5-3.2(b)(1) of the Unified Code of Corrections.  730 ILCS 5/5-5-3.2(b)(1) (West 1998).  This court has previously addressed this argument and rejected it in 
People v. Dillard
, 319 Ill. App. 3d 102, 109, 745 N.E.2d 185, 191 (2001).  In any event, defendant's voluntary guilty plea to the underlying obstruction-of-justice charge forfeits any 
Apprendi
 claim.  
People v. Jackson
, 319 Ill. App. 3d 110, 113, 744 N.E.2d 1275, 1278 (2001); see also 
People v. Peeples
, 155 Ill. 2d 422, 491, 616 N.E.2d 294, 326 (1993) (voluntary guilty plea waives all errors that are not jurisdictional, including constitutional errors).        

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

TURNER, J., specially concurs.

MYERSCOUGH, P.J., dissents.

JUSTICE TURNER, specially concurring:

I fully concur in the majority opinion and add the following.  "[I]n the context of the criminal statute involved, the established, plain[,] and ordinary meaning of 'apprehension' is a 'seizure, taking, 
or
 arrest of a person on a criminal charge.'"  (Emphasis added.)  
Miller
, 253 Ill. App. 3d at 1036, 628 N.E.2d at 897, quoting Black's Law Dictionary 101 (6th ed. 1990).  Here, defendant had been seized when she swallowed the substance but the officer had not placed her under arrest.  In fact, by swallowing the substance, she destroyed evidence that may have led to her arrest for possession of a controlled or look-alike substance.  Accordingly, the State proved defendant swallowed the substance with the intent to prevent her arrest. 

PRESIDING JUSTICE MYERSCOUGH, dissenting:

I respectfully dissent.  I agree with the majority's finding that "[d]efendant was not apprehended for possession of narcotics *** when she was 
first
 asked to open her mouth."  (Emphasis added.)  Slip op. at 5.  However, the reason she was asked to open her mouth was because the officer suspected she may be hiding drugs.  Brian Gallagher, a police officer with the City of Champaign, testified that he asked defendant to open her mouth because, in his experience, narcotics buyers will often hide drugs in their mouths so that they may be easily destroyed to prevent their discovery by police.  Gallagher testified that he did not "command" defendant to open her mouth.  He "asked" her.  He testified, however, that after defendant swallowed, opened her mouth, and he observed the substance, he had probable cause to believe there were narcotics in her mouth.  He then "ordered" her to stick her tongue out and, at that point, she was apprehended.   
Miller
, 253 Ill. App. 3d at 1036, 628 N.E.2d at 897 (in the context of the obstruction-of-justice statute, the established, plain, and ordinary meaning of apprehension is a seizure, taking, or arrest of a person on a criminal charge).  A seizure occurs when, by means of physical force or show of authority, a person's freedom of movement is restrained.  
People v. Brownlee
, 186 Ill. 2d 501, 517, 713 N.E.2d 556, 564 (1999).  When considering whether a reasonable person would have believed that he was not free to leave, the court will look at the totality of the circumstances surrounding the incident.  
United State v. Mendenhall
, 446 U.S. 544, 554, 64 L. Ed. 2d 497, 509, 100 S. Ct. 1870, 1877 (1980).  When defendant stuck out her tongue, Gallagher observed the substance on her tongue.  She then swallowed, and the substance was gone.  

I find that, under the circumstances here, defendant would not have felt that she was free to leave and, therefore, she had been apprehended at the time she swallowed the substance in her mouth.  She, therefore, could not have swallowed the substance to prevent her 
apprehension
 because that event had already taken place.  Accordingly, I conclude that the State failed to prove an essential element of the offense as charged.  Because defendant was not proved guilty of the offense as charged, I would reverse.