# Illinois Official Reports

## Supreme Court

---

### *In re Q.P.*, 2015 IL 118569

---

| | |
|---|---|
| Caption in Supreme Court: | *In re* Q.P., a Minor (The People of the State of Illinois, Appellant, v. Q.P., Appellee). |
| Docket No. | 118569 |
| Filed | September 24. 2015 |
| Decision Under Review | Appeal from the Appellate Court for the Third District; heard in that court on appeal from the Circuit Court of Peoria County, the Hon. Albert Purham, Judge, presiding. |
| Judgment | Reversed. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield, and Jerry Brady, State's Attorney, of Peoria (Carolyn E. Shapiro, Solicitor General, and Michael M. Glick and Lindsay Beyer Payne, Assistant Attorneys General, of Chicago, and Patrick Delfino, Terry A. Mertel and Laura E. DeMichael, of the Office of the State's Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People. |
| | Michael J. Pelletier, State Appellate Defender, Peter A. Carusona, Deputy Defender, and Mark D. Fisher, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee. |

Justices                                        JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Chief Justice Garman and Justices Freeman, Thomas, Karmeier, Burke, and Theis concurred in the judgment and opinion.

**OPINION**

¶ 1    The minor, Q.P., was found guilty of obstructing justice (720 ILCS 5/31-4(a) (West 2012)) for knowingly furnishing false information to a police officer with the intent to prevent his own apprehension. The appellate court reversed the circuit court's judgment, holding that Q.P. was already apprehended when he gave the false information, and a person already apprehended cannot act with the intent to prevent his apprehension as required to sustain the charge of obstructing justice. 2014 IL App (3d) 140436. For the following reasons, we reverse the appellate court's judgment.

¶ 2                                      I. BACKGROUND

¶ 3    The State filed a juvenile delinquency petition in the circuit court of Peoria County charging Q.P. with obstructing justice (720 ILCS 5/31-4(a) (West 2012)). The State alleged Q.P. knowingly furnished false information to a police officer with the intent to prevent his apprehension.

¶ 4    At the bench trial, police officer Jonathan Irving testified that he responded to a report of a vehicle burglary in progress. When he arrived at the scene, he observed a person matching the description given in the report. The person was later identified as Q.P. Officer Irving stopped Q.P., handcuffed him, patted him down, and placed him in the backseat of the squad car.

¶ 5    When Officer Irving asked Q.P. his name and date of birth, Q.P. replied his name was Antwan A. Ellis and his date of birth was September 22, 1997. Q.P. stated he was living with his mother and offered to direct Officer Irving to his residence. After they arrived, Irving went to the front door and spoke to a woman named Patricia. Patricia stated she did not know anyone named Antwan. They approached the squad car and Irving shined his flashlight on Q.P.'s face. Patricia stated she had dated Q.P.'s father and she knew him as "Q*** P***."

¶ 6    Officer Irving returned to the squad car and informed Q.P. that he knew he had given a false name. Q.P. then gave his correct name and stated his date of birth was August 30, 1997, but he misspelled both his first and last names. Officer Irving transported Q.P. to the police station and discovered from reports that Q.P. was a runaway from Quincy, Illinois. Irving also learned the correct spelling of Q.P.'s name. Q.P. admitted he had misspelled his name to prevent Officer Irving from locating the juvenile warrant for his arrest. Q.P. later told a police detective that he gave the false name because he knew there was a warrant for his arrest. The circuit court found Q.P. guilty of obstructing justice and committed him to the Department of Juvenile Justice for an indeterminate term not to exceed three years or until his twenty-first birthday.

¶ 7    On appeal, Q.P. argued that the evidence was insufficient to prove he intended to prevent his apprehension by giving the false statements because he was already apprehended when he

gave those statements. The appellate court construed the term "apprehension" in the obstruction of justice statute as the equivalent of a seizure and concluded that Q.P. was apprehended when he was handcuffed and placed in the backseat of the squad car. 2014 IL App (3d) 140436, ¶¶ 20, 21. The appellate court held that "a person already apprehended cannot act with the intent to prevent his own apprehension on other charges. The plain meaning of 'apprehension' or 'seizure' warrants this outcome: one who is presently seized by the police cannot be seized again." 2014 IL App (3d) 140436, ¶ 26. The appellate court, therefore, reversed the circuit court's judgment, concluding that Q.P. could not have had the intent to prevent his apprehension because he was already apprehended when he gave the false name and date of birth. 2014 IL App (3d) 140436, ¶¶ 28, 30.

¶ 8    Justice Holdridge dissented, asserting that "apprehension" is by definition connected to a particular criminal charge or offense. 2014 IL App (3d) 140436, ¶ 33 (Holdridge, J., dissenting). Accordingly, a defendant, as here, may act to evade apprehension on one criminal charge after being apprehended on a different charge. 2014 IL App (3d) 140436, ¶¶ 33, 34 (Holdridge, J., dissenting). Justice Holdridge concluded that the circuit court did not err in finding that Q.P. acted with the intent to prevent his apprehension on the juvenile warrant after being seized on suspicion of committing the vehicle burglary. 2014 IL App (3d) 140436, ¶ 36 (Holdridge, J., dissenting).

¶ 9    We allowed the State's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. May 1, 2013).

¶ 10                                    II. ANALYSIS

¶ 11   On appeal to this court, the State contends that "apprehension" has been defined consistently as the seizure or arrest of a person on a particular criminal charge. An "apprehension" is, therefore, necessarily tied to a specific crime or charge, and a defendant may act to evade apprehension on a criminal charge even after being apprehended on a different or unrelated charge. The State concludes that the circuit court did not err in finding Q.P. guilty of obstructing justice because he admitted he provided a false name with the intent to prevent his apprehension on the outstanding warrant.

¶ 12   Q.P. responds that the term "apprehension" includes arrests and seizures short of arrests, and he was certainly apprehended within the plain meaning of that term when he was handcuffed and placed in the backseat of the squad car. Q.P. maintains that he could not have intended to prevent his own apprehension by giving the false name and date of birth when he was already apprehended at that time.

¶ 13   This appeal turns on the construction of the term "apprehension" in the obstructing justice statute. That statute provides, in pertinent part:

"(a) A person obstructs justice when, with intent to prevent the apprehension or obstruct the prosecution or defense of any person, he or she knowingly commits any of the following acts:

(1) Destroys, alters, conceals or disguises physical evidence, plants false evidence, [or] furnishes false information[.]" 720 ILCS 5/31-4(a)(1) (West 2012).

¶ 14   In construing a statute, our primary objective is to ascertain and give effect to the intent of the legislature. *People v. Simpson*, 2015 IL 116512, ¶ 29. The most reliable indicator of legislative intent is the statutory language, given its plain and ordinary meaning. *People v. Easley*, 2014 IL 115581, ¶ 16. A penal statute will be construed to afford lenity to the accused,

but that rule applies only if the statute is ambiguous. *People ex rel. Birkett v. Jorgensen*, 216 Ill. 2d 358, 363 (2005). When terms used in a statute are retained by the legislature without any change after they have acquired a settled meaning through judicial construction, we will presume that the legislature has acquiesced to the judicial construction of the terms. *Simpson*, 2015 IL 116512, ¶ 30. We review questions of statutory construction *de novo*. *People v. Perez*, 2014 IL 115927, ¶ 9.

¶ 15 The term "apprehension" has been defined previously by this court and our appellate court. In *Hogan v. Stophlet*, 179 Ill. 150, 153 (1899), this court construed the term as being tied to a specific crime or charge. In that case, a reward was offered for the apprehension and conviction of the person who burned a store building. The person responsible for the crime was arrested, but a question arose about whether he was arrested on unrelated charges of burglary and larceny or for burning the store building. *Hogan*, 179 Ill. at 153-54. This court stated in pertinent part:

> "Black, in his Law Dictionary, defines the word 'apprehension' as follows: 'The seizure, taking or arresting of a person on a criminal charge. The term "apprehension" is applied exclusively to criminal cases, and "arrest" to both civil and criminal cases.'
>
> If, therefore, the fact, that [the suspect] was arrested upon a charge of burglary and larceny, should be held to negative the idea that he was arrested upon a charge of burning the building, then appellant did not secure the apprehension of the guilty party; and, in such case, he would not be entitled to the reward, as the reward was offered both for the apprehension and the conviction." *Hogan*, 179 Ill. at 154.

¶ 16 Accordingly, this court adopted a definition of the term "apprehension" requiring the seizure, taking, or arrest to be connected to specific criminal charges. Under this court's reasoning in *Hogan*, the "apprehension" was not viewed as applicable to all outstanding charges against the suspect. Rather, it was tied to particular charges and the apprehension of the suspect on specific criminal charges "negative[d] the idea" that he was apprehended on a separate, unrelated charge. *Hogan*, 179 Ill. at 154.

¶ 17 In construing the obstruction of justice statute, our appellate court subsequently adopted the same definition of "apprehension" as in *Hogan*. In *People v. Miller*, 253 Ill. App. 3d 1032 (1993), the defendant was charged with obstructing justice by knowingly furnishing false information with the intent to prevent his apprehension. The evidence showed that after he was arrested for possession of alcohol by a minor, the defendant gave two false names and a false date of birth. *Miller*, 253 Ill. App. 3d at 1033. On appeal, the defendant argued that the evidence was insufficient to prove he gave the false information with the intent to prevent his apprehension because he was already in custody when he gave the false names. *Miller*, 253 Ill. App. 3d at 1033. In construing the term "apprehension" in the obstruction of justice statute, the appellate court stated:

> "we believe that, in the context of the criminal statute involved, the established, plain and ordinary meaning of 'apprehension' is a 'seizure, taking, or arrest of a person on a criminal charge.' (Black's Law Dictionary 101 (6th ed. 1990)[)]." *Miller*, 253 Ill. App. 3d at 1036.

¶ 18 The appellate court applied that definition to the facts and held the defendant could not have given the false names with the intent to prevent his apprehension because he was already under arrest for possession of alcohol by a minor when he gave those names. *Miller*, 253 Ill.

App. 3d at 1036. Accordingly, the appellate court reversed the defendant's conviction for obstructing justice because the State failed to prove an essential element of the offense. *Miller*, 253 Ill. App. 3d at 1036-37. Importantly, however, the appellate court defined "apprehension" consistently with our decision in *Hogan*, holding that the plain and ordinary meaning of that term is a "seizure, taking, or arrest of a person on a criminal charge." (Internal quotation marks omitted.) *Miller*, 253 Ill. App. 3d at 1036.

¶ 19    In *People v. Smith*, 337 Ill. App. 3d 819 (2003), our appellate court recognized that apprehension is specific to a particular charge or offense. The defendant in *Smith* was a passenger in a car that was stopped in a high drug-crime area. A police officer asked the defendant to step out of the vehicle. The defendant stepped out of the vehicle and agreed to a search of her purse. When the officer did not find any contraband in the purse, he asked the defendant to open her mouth. The defendant closed her mouth, made two swallowing motions, and when she subsequently opened her mouth the officer observed a white substance on the tip of her tongue appearing to be crack cocaine. *Smith*, 337 Ill. App. 3d at 821-22. As the officer was putting on a rubber glove to remove the substance, the defendant put her tongue back inside her mouth. The substance was gone when the defendant stuck her tongue out again, and the officer arrested her for obstructing justice. *Smith*, 337 Ill. App. 3d at 822.

¶ 20    On appeal, the defendant argued that she could not have destroyed evidence with the intent to prevent her apprehension because she was already apprehended when she swallowed the substance. In rejecting the defendant's argument, the appellate court distinguished *Miller*, stating:

> "In *Miller*, the defendant had already been arrested at the time the obstruction of justice occurred. The argument is made that even though the defendant in the present case had not been arrested, she had been 'apprehended' in the sense that she would not have felt that she was free to leave. Defendant was not apprehended for possession of narcotics, however, when she was first asked to open her mouth. We reject any implication in *Miller* that it is impossible for a person who has been apprehended on one charge to destroy evidence in an attempt to prevent his apprehension on another charge. Defendant here had not been apprehended on any charge when she was first asked to open her mouth." *Smith*, 337 Ill. App. 3d at 823.

¶ 21    While the lead opinion in *Smith* did not specifically recite the definition of "apprehension" from *Miller*, the court applied that definition to the facts of the case. Additionally, both the specially concurring and dissenting justices relied on *Miller* for the definition of "apprehension." *Smith*, 337 Ill. App. 3d at 825-26 (Turner, J., specially concurring; Myerscough, P.J., dissenting).

¶ 22    Based on the case law defining "apprehension," we conclude that term has a settled meaning in Illinois. The term has been defined consistently as a seizure, taking, or arrest of a person on a criminal charge. *Hogan*, 179 Ill. at 154; *Miller*, 253 Ill. App. 3d at 1036; *Smith*, 337 Ill. App. 3d at 823-26.

¶ 23    In this case, the appellate court held that an "apprehension" under the obstructing justice statute simply means a seizure. 2014 IL App (3d) 140436, ¶ 20. The appellate court viewed a seizure as generally applicable to all possible charges against the suspect, stating "one who is presently seized by the police cannot be seized again." 2014 IL App (3d) 140436, ¶ 26. The plain and ordinary meaning of "apprehension," however, is a seizure or arrest of a person *on a*

*criminal charge*. An "apprehension" is, therefore, not simply a seizure, but is specifically tied to a particular criminal offense. Accordingly, we conclude that an apprehension occurs within the meaning of the obstructing justice statute when a person is seized or arrested on a particular offense.

¶ 24 Having construed the obstructing justice statute, we must now determine whether the evidence in this case was sufficient to sustain the circuit court's judgment finding Q.P. guilty of that offense. In considering the sufficiency of the evidence, a reviewing court does not retry the defendant. *People v. Sutherland*, 223 Ill. 2d 187, 242 (2006). Rather, in delinquency proceedings, as in criminal cases, a reviewing court must decide " 'whether, [after] viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *People v. Austin M.*, 2012 IL 111194, ¶ 107 (quoting *In re Jonathon C.B.*, 2011 IL 107750, ¶ 47). A reviewing court must draw all reasonable inferences in favor of the prosecution. *People v. Martin*, 2011 IL 109102, ¶ 15. A conviction will be reversed only if the evidence is so improbable, unsatisfactory, or inconclusive that it raises a reasonable doubt of the defendant's guilt. *People v. Collins*, 214 Ill. 2d 206, 217 (2005).

¶ 25 As applied to this case, the obstruction of justice statute is violated when a person knowingly provides false information with the intent to prevent his seizure or arrest on a criminal charge. After Officer Irving responded to the report of a vehicle burglary, Q.P. was handcuffed and placed in the backseat of the squad car. Even if Q.P. was apprehended for the vehicle burglary, the evidence clearly shows he was not apprehended at that time on the separate, unrelated juvenile warrant.

¶ 26 Q.P. gave the false information about his identity shortly after he was placed in the backseat of the squad car. At that point, Officer Irving did not know about the juvenile warrant. Officer Irving only discovered the juvenile warrant after transporting Q.P. to the police station. Q.P. subsequently admitted that he had misspelled his name to prevent Officer Irving from finding the juvenile warrant. Q.P. also told a police detective that he gave the false name because he knew there was a warrant for his arrest. Reviewing this evidence in the light most favorable to the State, we conclude that a rational trier of fact could have found Q.P. provided the false name with the intent to prevent his apprehension on the juvenile warrant.

¶ 27 In this case, the evidence was sufficient to establish that Q.P. committed the offense of obstructing justice by knowingly furnishing false information with the intent to prevent his apprehension on the juvenile warrant. Accordingly, the circuit court did not err in finding Q.P. guilty of obstructing justice. The appellate court's judgment overturning Q.P.'s delinquency adjudication for that offense must be reversed.

¶ 28                                    III. CONCLUSION

¶ 29 For the foregoing reasons, the judgment of the appellate court is reversed.

¶ 30 Reversed.