IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2018-NMSC-028

Filing Date: April 12, 2018

Docket No. S-1-SC-35864

STATE OF NEW MEXICO,

   Plaintiff-Respondent,

v.

JOHN RADOSEVICH,

   Defendant-Petitioner.

ORIGINAL PROCEEDING ON CERTIORARI
Louis E. DePauli Jr., District Judge

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Petitioner

Hector H. Balderas, Attorney General
Charles J. Gutierrez, Assistant Attorney General
Santa Fe, NM

for Respondent

## OPINION

**DANIELS, Justice.**

**{1}**     The New Mexico tampering with evidence criminal statute, NMSA 1978, § 30-22-5 (2003), makes it a crime to hide or alter evidence of a crime. *See* § 30-22-5(A). The statutory penalty classifications vary from a petty misdemeanor to a third-degree felony, depending on "the highest crime for which tampering with evidence is committed." Section 30-22-5(B)(1)-(4). The penalty classification is a fourth-degree felony under Section 30-22-5(B)(2) "if the highest crime for which tampering with evidence is committed is a third degree felony or a fourth degree felony" and is a petty misdemeanor under Section 30-22-5(B)(3) "if the

1

highest crime for which tampering with evidence is committed is a misdemeanor or a petty misdemeanor" but is a fourth-degree felony under Section 30-22-5(B)(4) "if the highest crime for which tampering with evidence is committed is indeterminate."

**{2}** In this case, we hold that to impose a greater penalty for commission of tampering pursuant to Subsection (B)(4), where the evidence does not establish the underlying offense, than for commission of tampering pursuant to Subsection (B)(3), where the evidence establishes an underlying misdemeanor offense, is both a denial of due process of law and a violation of an accused's right to have a jury determine guilt beyond a reasonable doubt on every element that may establish the range of permissible penalties. We therefore hold that the offense of tampering where the level of the underlying crime cannot be determined beyond a reasonable doubt is punishable at the lowest penalty classification for tampering. We also hold that the highest crime for which tampering with evidence of a probation violation is committed is the highest crime for which the defendant is on probation, rather than an indeterminate crime. We overrule *State v. Jackson*, 2010-NMSC-032, 148 N.M. 452, 237 P.3d 754, and *State v. Alvarado*, 2012-NMCA-089, ___ P.3d ___ (A-1-CA-31465, July 18, 2012), and all other cases to the extent they may have relied on *Jackson*.

## I.     BACKGROUND

**{3}** Just after midnight on September 8, 2012, Defendant's neighbor called 911 to report that Defendant was yelling obscenities and throwing objects into his yard. After calling the police, the neighbor walked outside his house to investigate. Defendant met the neighbor in the alleyway between their homes and, following a verbal exchange, Defendant threatened to stab the neighbor with "a little steak knife." Moments later an officer arrived at the scene, and Defendant threw the knife away and returned to his house. An officer subsequently recovered the knife.

**{4}** The State charged Defendant with assault with intent to commit murder, NMSA 1978, Section 30-3-3 (1977), a third-degree felony, and tampering with evidence pursuant to Section 30-22-5(B)(2), a fourth-degree felony. The district court judge directed a verdict in Defendant's favor on the assault with intent to murder charge and then, over Defendant's objection, instructed the jury on an uncharged crime, assault with a deadly weapon. Defendant was convicted of both assault with a deadly weapon under NMSA 1978, Section 30-3-2(A) (1963), a fourth-degree felony, and tampering with evidence as charged under Section 30-22-5(B)(2), also identified as a fourth-degree felony, although the tampering jury instruction did not identify an underlying offense. Defendant appealed both convictions to the Court of Appeals.

**{5}** For reasons that are not pertinent to the issues before us, the Court of Appeals reversed Defendant's conviction of assault with a deadly weapon and held that the charge could not be retried, a decision that the State has not asked us to review. *See State v. Radosevich*, 2016-NMCA-060, ¶¶ 5, 12, 38, 376 P.3d 871, *cert. granted*, 2016-NMCERT-___ (S-1-SC-35864, July 1, 2016).

2

**{6}** The Court of Appeals also addressed Defendant's argument that because his tampering conviction was "tied to his conviction for aggravated assault with a deadly weapon, he should be retried for tampering or permitted to challenge the degree of his conviction," based on his contention that the offense for which tampering could have been committed was a misdemeanor, making the tampering offense a petty misdemeanor under Section 30-22-5(B)(3). *Radosevich*, 2016-NMCA-060, ¶ 26. But rather than remanding for a new trial on the tampering charge, the Court of Appeals held that, because the tampering jury instruction at trial "did not tie tampering to any identified crime," *id.* ¶ 29, "Defendant's conviction for tampering with evidence is relative to an indeterminate crime and should be amended accordingly, not retried, as the State conceded." *Id.* ¶ 5. The court remanded to the district court to simply amend Defendant's judgment and sentence to impose a felony tampering conviction under the tampering statute's indeterminate crime provision, Section 30-22-5(B)(4). *Radosevich*, 2016-NMCA-060, ¶¶ 32, 38.

**{7}** We granted certiorari to consider Defendant's challenges to the Court of Appeals ruling with respect to his tampering conviction. Defendant argues that interpreting the indeterminate crime provision of the tampering statute to permit conviction of a fourth-degree felony where a jury was not required to find whether the underlying offense was a misdemeanor or a felony violates the constitutional requirement that a jury must find the State has proved all the elements of a crime beyond a reasonable doubt in order to support a conviction and sentence.

## II. DISCUSSION

### A. Standard of Review

**{8}** "We review questions of statutory and constitutional interpretation de novo." *Tri-State Generation & Transmission Ass'n v. D'Antonio*, 2012-NMSC-039, ¶ 11, 289 P.3d 1232. When interpreting statutory language, "[o]ur primary goal is to ascertain and give effect to the intent of the Legislature." *State v. Nick R.*, 2009-NMSC-050, ¶ 11, 147 N.M. 182, 218 P.3d 868. But "[w]e have repeatedly cautioned that despite the 'beguiling simplicity' of parsing the words on the face of a statute, we must take care to avoid adoption of a construction that would render the statute's application absurd or unreasonable or lead to injustice or contradiction." *State v. Strauch*, 2015-NMSC-009, ¶ 13, 345 P.3d 317 (citation omitted). And we must be guided by the "well-established principle of statutory construction that statutes should be construed, if possible, to avoid constitutional questions." *Schuster v. N.M. Dep't of Taxation & Revenue, Motor Vehicle Div.*, 2012-NMSC-025, ¶ 18, 283 P.3d 288 (internal quotation marks and citation omitted).

### B. The New Mexico Tampering Statute

**{9}** In 2003 the New Mexico Legislature amended the tampering with evidence statute, which historically had defined a single tampering offense with a single fourth-degree felony punishment, to incorporate a tiered offense and sentencing scheme correlating the

punishment for the tampering conduct with the level of the underlying crime to which the evidence related. *See State v. DeGraff*, 2006-NMSC-011, ¶ 34, 139 N.M. 211, 131 P.3d 61. The amended statute provides,

> A.      Tampering with evidence consists of destroying, changing, hiding, placing or fabricating any physical evidence with intent to prevent the apprehension, prosecution or conviction of any person or to throw suspicion of the commission of a crime upon another.
> B.      Whoever commits tampering with evidence shall be punished as follows:
> (1)      if the highest crime for which tampering with evidence is committed is a capital or first degree felony or a second degree felony, the person committing tampering with evidence is guilty of a third degree felony;
> (2)      if the highest crime for which tampering with evidence is committed is a third degree felony or a fourth degree felony, the person committing tampering with evidence is guilty of a fourth degree felony;
> (3)      if the highest crime for which tampering with evidence is committed is a misdemeanor or a petty misdemeanor, the person committing tampering with evidence is guilty of a petty misdemeanor; and
> (4)      if the highest crime for which tampering with evidence is committed is indeterminate, the person committing tampering with evidence is guilty of a fourth degree felony.

Section 30-22-5.

**{10}**    The tampering statute punishes those who try to frustrate the criminal justice system by obstructing access to evidence of a crime. *See Jackson*, 2010-NMSC-032, ¶ 10 ("Tampering with evidence is uniquely offensive under the criminal code because when one acts intentionally to destroy, change, hide, place or fabricate physical evidence, that person seeks to deprive the criminal justice system of information.").

**{11}**    This Court first interpreted the indeterminate crime provision of the amended tampering statute in *Jackson*. *See id.* ¶¶ 20-31. The defendant in *Jackson* falsified a probation-supervision urine test and was charged with tampering with evidence under the indeterminate crime provision in Section 30-22-5(B)(4). *Jackson*, 2010-NMSC-032, ¶¶ 3-4. The defendant argued that because all subsections of the tampering statute require that tampering relate to a specific crime and because a probation violation is not itself a defined crime in the criminal code, he could not be charged with or convicted of tampering with evidence. *Id.* ¶ 4.

**{12}**    We held in *Jackson* that a defendant could be convicted and punished for commission of a fourth-degree felony under the indeterminate crime provision "where no underlying crime could be identified." *Id.* ¶ 21. We reasoned that Subsection (A) of the tampering statute "sets forth the elements of the offense" of tampering and Subsection (B) contains

4

"levels of punishment" instead of elements of separate levels of crimes. *Jackson*, 2010-NMSC-032, ¶¶ 8, 20.

**{13}** Our ruling in *Jackson* was focused on the statutory interpretation issue presented by the parties, whether a person could be convicted of tampering with evidence in order to avoid detection of a probation violation that did not constitute a new crime. *Id.* ¶ 4. The parties in *Jackson* did not raise and we did not consider whether punishing a person for a fourth-degree felony in circumstances where it was unclear whether the person had committed misdemeanor or felony tampering would violate the person's constitutional rights to due process and trial by jury. We now do so.

**C.      The Tampering Statute Cannot Constitutionally Be Interpreted to Impose Greater Penalties for Tampering When the Underlying Crimes Are Unknown Than for Tampering When the Crimes Are Known**

**{14}** Principles of constitutional due process guarantee the "right not to be convicted of a crime unless the state has proven the defendant's guilt beyond a reasonable doubt." *State v. Brown*, 1996-NMSC-073, ¶ 31, 122 N.M. 724, 931 P.2d 69 (citing *Mullaney v. Wilbur*, 421 U.S. 684 (1975), and *In re Winship*, 397 U.S. 358 (1970)). As the United States Supreme Court recognized in *Winship*, "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." 397 U.S. at 364.

**{15}** In cases where the accused has a right to a jury trial, those due process protections mean that the defendant is entitled to a jury determination that the evidence establishes "beyond a reasonable doubt" that the defendant "is guilty of every element of the crime." *Apprendi v. New Jersey*, 530 U.S. 466, 477, 490 (2000) (internal quotation marks and citation omitted) (holding that a legislature may not constitutionally "remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed").

**{16}** In *Cunningham v. California*, 549 U.S. 270, 274 (2007), the Court applied these principles in striking down a California sentencing law that gave a trial judge and not the jury the authority to enhance a sentence by finding additional facts beyond those found by the convicting jury. Following *Cunningham*, this Court found unconstitutional New Mexico's similar statutes that allowed courts to use facts not found by a jury to increase a defendant's sentence range. *State v. Frawley*, 2007-NMSC-057, ¶ 1, 143 N.M. 7, 172 P.3d 144, *superseded by statute*, NMSA 1978, § 31-18-15.1 (as amended 2009); *see also State v. Stevens*, 2014-NMSC-011, ¶ 40, 323 P.3d 901 ("[T]he Sixth Amendment right to trial by jury guarantees that all facts essential to a defendant's sentence must be determined by a jury, whether or not a judge or panel of judges might think those facts were proved in a particular case.").

**{17}** The United States Supreme Court has provided further guidance in assessing the

5

constitutionality of statutes that, like the New Mexico tampering statute as interpreted by *Jackson*, 2010-NMSC-032, ¶¶ 8, 21, arguably define a criminal offense with basic elements a jury must find and also provide a separate list of sentencing factors that change the level of permissible punishment if additional facts are shown. In *Jones v. United States*, 526 U.S. 227, 229-30 (1999), the Court considered the federal carjacking statute, 18 U.S.C. § 2119 (1988), which provided in relevant part that a person possessing a firearm who takes a motor vehicle from another by force and violence or by intimidation shall "(1) be . . . imprisoned not more than 15 years . . . , (2) if serious bodily injury . . . results, be . . . imprisoned not more than 25 years . . . , and (3) if death results, be . . . imprisoned for any number of years up to life . . . ."

**{18}** The Supreme Court held that in order to avoid constitutional infirmity the federal statute had to be construed as establishing three separate offenses with "distinct elements, each of which must be charged by indictment, proven beyond a reasonable doubt, and submitted to a jury for its verdict." *Jones*, 526 U.S. at 252.

**{19}** In *Alleyne v. United States*, 570 U.S. 99, 103-04 (2013), the Supreme Court considered a federal statute, 18 U.S.C. § 924(c)(1)(A) (2006), that punished a convicted defendant at three different levels for using or carrying a firearm in connection with a crime of violence. If the defendant simply used or carried a firearm, the mandatory minimum sentence was five years; if the firearm was brandished, the mandatory minimum sentence was seven years; and if the firearm was discharged, the mandatory minimum sentence was ten years. The Court rejected the argument that the statute could constitutionally be separated into a basic offense with separate sentencing factors that did not have to be charged and proved by constitutional standards, basing its rejection on *Apprendi*'s holding that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 570 U.S. at 103 (citing *Apprendi*, 530 U.S. at 482-83 & n.10).

**{20}** The New Mexico Court of Appeals has noted the apparent tension between the constitutional principles in United States Supreme Court precedents and our holding in *Jackson*. *See, e.g.*, *State v. Herrera*, 2014-NMCA-007, ¶¶ 14 & n.1, 17, 315 P.3d 343 (recognizing the conflict between *Jackson* and *Apprendi* but declining to reach the issue because the defendant had not preserved it); *Alvarado*, 2012-NMCA-089, ¶¶ 14, 16 (trying to accommodate both *Apprendi* and *Jackson* by holding that a specific underlying crime is an element of the tampering offense for Sections 30-22-5(B)(1)-(3) but that a jury need not determine the underlying crime when a defendant is charged under the indeterminate provisions of Section 30-22-5(B)(4)). In *Alvarado*, the Court of Appeals held that if a jury does not make a finding "that the defendant tampered with evidence related to a capital, first, or second degree felony, . . . the court is limited to sentencing a defendant under the 'indeterminate crime' provision" of Section 30-22-5(B)(4). *Alvarado*, 2012-NMCA-089, ¶ 14. *Alvarado* held that the *Apprendi* line of cases precludes imposition of the enhanced third-degree felony penalty in Section 30-22-5(B)(1) for tampering in the absence of a jury finding that the tampering related to evidence of a first- or second-degree felony. *Alvarado*, 2012-

NMCA-089, ¶¶ 14, 16. But the Court of Appeals did not consider the *Apprendi* issue inherent in permitting a defendant to be punished for anything above the lowest level of an offense, specifically the petty misdemeanor provisions of Section 30-22-5(B)(3), if the jury does not find the tampering was committed in connection with an offense that would justify an enhanced punishment beyond the basic levels prescribed in that section.

**{21}** Although *Jackson* did not address the constitutional issues we are called upon to address here, it did construe the tampering statute in a way that we must now reconsider, particularly in light of the possibility that our construction may result in violation of constitutional mandates. We do not overturn precedent lightly, but where our analysis "convincingly demonstrates that a past decision is wrong, the Court has not hesitated to overrule even recent precedent." *State v. Pieri*, 2009-NMSC-019, ¶ 21, 146 N.M. 155, 207 P.3d 1132 (internal quotation marks and citation omitted) (reviewing factors that may be relevant to overrruling precedent). As the United States Supreme Court has recognized, the presence of a constitutional concern is particularly significant. *Payne v. Tennessee*, 501 U.S. 808, 828 (1991) ("Stare decisis is not an inexorable command; rather, it is a principle of policy and not a mechanical formula of adherence to the latest decision. This is particularly true in constitutional cases, because in such cases correction through legislative action is practically impossible." (internal quotation marks and citation omitted)). We undertake our review with those principles in mind.

**{22}** The case before us exemplifies the confusion that has been created by *Jackson*. The jury instruction defining the essential elements of the tampering offense did not require the jury to determine the crime or crimes for which tampering was committed, but simply provided,

INSTRUCTION NO. 8

For you to find the defendant guilty of tampering with evidence as charged in Count 2, the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
1. The defendant hid or placed a knife;
2. By doing so, the defendant intended to prevent the apprehension, prosecution or conviction of defendant;
3. This happened in New Mexico on or about the 8th day of September, 2012.

Despite the lack of a jury finding on the level of the offense in this case, the district court entered an order accepting the jury verdict that recited in part that Defendant was found guilty of tampering with evidence, "a fourth degree felony, contrary to Section 30-22-5(A) & (B)(2), N.M.S.A. 1978." And the district court subsequently entered a final judgment sentencing Defendant for the felony offense in that section.

**{23}** The Court of Appeals rejected Defendant's argument that Defendant's felony tampering conviction should be vacated and the charge remanded for retrial for consideration

of his theory that the tampering related to a misdemeanor offense. *See Radosevich*, 2016-NMCA-060, ¶ 26. The Court stated that because "the offense to which Defendant's tampering was related failed for insufficient evidence," and because on appeal the Court "reverse[d] its replacement by another offense and bar[red] retrial on that new replacement offense . . . , the underlying offense for which Defendant might have tampered [was] effectively rendered to be an unidentified, indeterminate crime." *Id.* ¶ 31. The Court accordingly denied Defendant's request for retrial and directed the district court to amend the judgment and sentence on remand to reflect that Defendant was convicted of the felony offense of tampering with evidence of an indeterminate crime under Section 30-22-5(B)(4) instead of for the felony offense of tampering with evidence of a third- or fourth-degree felony under Section 30-22-5(B)(2). *See Radosevich*, 2016-NMCA-060, ¶ 38.

**{24}** As this case demonstrates, the constitutionally unacceptable result of *Jackson*'s interpretation of the tampering statute is that if the state charges and proves that a defendant tampered with evidence to impede investigation or prosecution of a misdemeanor, the defendant can be punished only for the basic petty-misdemeanor crime of tampering. But under the same facts, if the state chooses not to identify an underlying crime in its charging document or fails at trial to prove the level of any underlying crime, the defendant can be convicted and sentenced for the fourth-degree felony of indeterminate tampering.

**{25}** We are guided by our experience in *Frawley* where we had initially issued a November 2005 dispositional order upholding against constitutional challenge a New Mexico sentencing statute, NMSA 1978, § 31-18-15.1(A) (1993), that permitted a judge to alter upward or downward the presumptive penalty range for felony offenses if the judge, and not a jury, found the existence of aggravating or mitigating factors. *See Frawley*, 2007-NMSC-057, ¶¶ 4-5. In February 2007 the United States Supreme Court in *Frawley v. New Mexico*, 549 U.S. 1191, 1191 (2007), vacated our 2005 judgment and remanded the case to us "for further consideration in light of *Cunningham*," 549 U.S. at 281, which held that "under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt." Our October 2007 final opinion in *Frawley* held that the statute was unconstitutional based on our recognition that "the Sixth Amendment is violated *any time* a defendant is sentenced above what is authorized *solely* by the jury's verdict." *Frawley*, 2007-NMSC-057, ¶ 23.

**{26}** The result in this case cannot be justified by an argument that the accused has the burden of proving to a jury that he committed the lesser misdemeanor offense in order to avoid being convicted and sentenced at the felony level of tampering with the evidence of an indeterminate offense. *Mullaney*, 421 U.S. at 703, rejected long ago a burden-shifting approach that would permit a defendant to receive a greater sentence where it is unclear whether the less punishable or the more punishable level of an offense was committed.

**{27}** We hold that Section 30-22-5(B)(4) cannot be constitutionally applied to impose greater punishment for commission of tampering where the underlying crime is indeterminate than the punishment prescribed under Section 30-22-5(B)(3) where the

8

underlying crime is a misdemeanor or petty misdemeanor. The remaining question we must resolve is what, if any, application of the indeterminate crime provision may be permitted. In *Frawley*, we determined that we could not reinterpret the sentencing statute in that case to save it from being struck down as unconstitutional. *See* 2007-NMSC-057, ¶¶ 30-33. But we also recognized that our law requires that if we can sever the invalid part of a statute while giving force and effect to the legislative purpose in the valid portion, we should do so. *See id.* ¶ 30. We conclude we can give effect to the intent of the indeterminate offense provisions in the New Mexico criminal tampering statute while severing its invalid enhanced felony penalties.

**{28}** It is clear to us from the statute's comprehensive coverage that the legislative intent was to make unlawful all efforts to avoid responsibility for criminal conduct by tampering with evidence that could be relevant to a person's being held responsible for commission of any crime. The recurring wording of the statute, including in the indeterminate crime provision, makes it clear that the offense is dependent on a finding of tampering with evidence in an attempt to evade responsibility for some kind of criminal conduct. *See, e.g.*, Section 30-22-5(B)(4) (providing penalties "if the highest crime for which tampering with evidence is committed is indeterminate"). The Legislature attempted in Subsections (B)(1)-(3) to cover all classifications of crimes in New Mexico statutes. But as we recognized in *Jackson*, the very nature of tampering with evidence may mean that the only evidence with which to prove the nature of the underlying crime has been destroyed. *See Jackson*, 2010-NMSC-032, ¶ 17. In some of the cases we reviewed, *see, e.g.*, *id.* ¶¶ 16-17, the defendants were held culpable under tampering statutes despite the fact that they had destroyed the evidence that could have proved the exact nature and level of their crimes. *See Phillips v. State*, 530 S.E.2d 1, 2 (Ga. Ct. App. 2000) (upholding a tampering conviction despite the defendant's acquittal of drug possession, where the only evidence remaining of the defendant's possession was a piece of a plastic bag covered with cocaine residue police found after dismantling the defendant's garbage disposal unit); *People v. Smith*, 786 N.E.2d 1121, 1122-23 (Ill. App. Ct. 2003) (upholding a tampering conviction where the defendant had swallowed and destroyed a quantity of a white substance suspected to be crack cocaine while police were conducting an investigatory stop of the vehicle in which she was riding); *State v. Mendez*, 785 A.2d 945, 954 (N.J. Super. Ct. App. Div. 2001) (upholding a tampering conviction where the defendant had tossed, and the police were unable to recover, a bag containing an unknown quantity of an unknown white, powdery substance out the window of a car being chased by police).

**{29}** These cases illustrate the wisdom of the Legislature's intent to provide sanctions for situations in which it is clear a defendant tampered with evidence of a crime to such an extent that an underlying crime could not be successfully prosecuted. Although we hold that the statute's provision of enhanced felony penalties where a jury cannot or does not find the level of the underlying offense, and thereby the level of the tampering crime cannot be constitutionally imposed, we also hold that the indeterminate tampering offense in Section 30-22-5(B)(4) can be insulated from invalidity by limiting its penalties to those prescribed in the statute for the lowest level of tampering, which are currently the petty misdemeanor

9

penalties of Section 30-22-5(B)(3).

**{30}** The jury in this case found Defendant guilty of tampering but did not find a level of the underlying offense. Because the evidence was sufficient to support a tampering conviction, we affirm his tampering conviction. But because the jury made no finding beyond reasonable doubt of the level of the underlying crime, the district court on remand should amend the judgment and sentence to reflect a conviction and sentence for indeterminate offense tampering and resentence Defendant pursuant to the basic tampering penalties in Section 30-22-5(B)(3).

**{31}** *Jackson*'s interpretation of the indeterminate provisions of the criminal evidence tampering statute failed to take into account controlling principles of constitutional law. *Jackson* also incorrectly interpreted the statute to provide that tampering with evidence of probation violations can be prosecuted only as an indeterminate level of tampering. That reading is inconsistent with the legislative intent to tie the level of the tampering crime to the seriousness of the crime for which the defendant was trying to avoid punishment. In all probation cases, there is clearly a level of crime for which tampering with evidence is committed, the lawful consequences of which the defendant is trying to avoid by hiding or destroying probation violation evidence. It is the easily ascertainable offense of conviction for which the defendant is on probation. In cases of multiple offenses of conviction for which the defendant is on probation, the statute provides explicit guidance that the level of the tampering crime is determined by "the highest crime for which tampering with evidence is committed." *See* Section 30-22-5(B).

**{32}** We will also refer this issue to our Criminal Uniform Jury Instructions Committee with directions to revise our jury instructions to reflect our holdings, whether by the use of amended elements instructions or, perhaps more appropriately, by special interrogatories to establish the highest level of underlying crime found by the jury to have been proved beyond a reasonable doubt.

**{33}** In his certiorari petition, Defendant had included an evidentiary issue regarding the admission of evidence of allegedly prejudicial statements he made to the victim. Upon further consideration, we determine that issue to be insubstantial and, to the extent our grant of certiorari encompassed that issue, we quash certiorari as improvidently granted.

## III. CONCLUSION

**{34}** We hold that a conviction pursuant to the indeterminate offense provisions in Section 30-22-5(B)(4) of the evidence tampering statute cannot result in punishment more severe than is prescribed in Section 30-22-5(B)(3) for the lowest level of tampering. We also hold that the highest crime for which tampering with evidence of a probation violation is committed is the highest crime for which the defendant is on probation, rather than an indeterminate crime. We overrule *Jackson*, 2010-NMSC-032, and its progeny. We reverse the judgments of the Court of Appeals and the district court, and we remand to the district

court with directions to amend the judgment and sentence to reflect Defendant's conviction of indeterminate offense tampering under Section 30-22-5(B)(4) and his resentencing pursuant to Section 30-22-5(B)(3).

**{35}    IT IS SO ORDERED.**

_____
**CHARLES W. DANIELS, Justice**

**WE CONCUR:**

_____
**JUDITH K. NAKAMURA, Chief Justice**

_____
**PETRA JIMENEZ MAES, Justice**

_____
**BARBARA J. VIGIL, Justice**

_____
**EDWARD L. CHÁVEZ, Justice, retired, sitting by designation**

11