This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    **Plaintiff-Appellee**

**v.**                                                         **No. A-1-CA-35529**

**JOSEPH FAGGION,**

    **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

## INTRODUCTION

{1}    Defendant Joseph Faggion, appeals his convictions for aggravated assault with

a deadly weapon and for battery. Defendant argues that there is insufficient evidence to convict him on the battery charge. Further, he contends that the district court erred by omitting the deadly weapon essential element from the jury instructions for aggravated assault with a deadly weapon. Because the jury instruction for aggravated assault with a deadly weapon was deficient, a fundamental error requiring reversal occurred. Because this is a memorandum opinion and the parties are aware of the facts, we limit our recitation of the facts to those necessary for our analysis.

**BACKGROUND**

{2}     Skyler Nunnelly (Victim) and his roommate, Nicole Sandbeck, had a disagreement the evening of June 20, 2014, and though Nicole initially wanted Victim to move out, they agreed that Victim could continue staying in the home. Later that evening, however, Nicole's boyfriend, Defendant, confronted Victim in an aggressive manner, repeatedly choking him and throwing him to the ground. When Victim reentered the home and attempted to retrieve his belongings in order to leave, Defendant again attacked Victim and threatened him with a pocketknife. Defendant eventually allowed Victim to exit the home, and once outside, pushed Victim to the ground, exposed his genitalia to Victim, and threatened to kill Victim. Victim was eventually able to leave in his vehicle and contacted law enforcement.

{3}     Five days after the incident, on June 25, 2014, law enforcement received a letter

from Victim that was typed by Victim's mother, describing the events that took place the evening of June 20, 2014. Defendant was then indicted for aggravated assault with a deadly weapon and battery, and a jury found him guilty of both counts. Defendant appeals both his convictions.

**DISCUSSION**

{4}     Defendant argues that the district court failed to instruct the jury on an essential element of the aggravated assault charge, resulting in fundamental error and that there was insufficient evidence to support his conviction on either aggravated assault or battery. Defendant also argues that the district court erred in allowing the State to read into evidence a letter created by Victim and his mother, outlining the events that occurred the night of the altercation, because the letter was hearsay, it did not qualify under any of the exceptions to hearsay provided in the Rules of Evidence, or its potential for prejudice outweighed its probative value. We address each argument in turn.

**A.     Jury Instructions and Fundamental Error**

{5}     Defendant appeals his aggravated assault with a deadly weapon conviction, alleging that the district court failed to properly instruct the jury. Because Defendant concedes that he failed to object to the aggravated assault with a deadly weapon jury instruction, our review is limited to a consideration of whether the district court

3

committed fundamental error when it instructed the jury on the charge. *State v. Cunningham*, 2000-NMSC-009, ¶ 11, 128 N.M. 711, 998 P.2d 176.

{6}    Fundamental error exists when "a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused." *State v. Barber*, 2004-NMSC-019, ¶ 17, 135 N.M. 621, 92 P.3d 633. "[F]ailure to instruct the jury on an essential element . . . ordinarily is fundamental error even when the defendant fails to object or offer a curative instruction." *Id.* ¶ 20. However, fundamental error does not occur if "there can be no dispute that the omitted element was established" or if the omitted instruction was not at issue in the case. *State v. Sutphin*, 2007-NMSC-045, ¶ 16, 142 N.M. 191, 164 P.3d 72. Whether an element is factually at issue depends on "whether there was any evidence or suggestion in the facts, however slight, that could have put the element . . . in issue." *State v. Orosco*, 1992-NMSC-006, ¶ 10, 113 N.M. 780, 833 P.2d 1146. In evaluating the impact of an omitted element instruction, we consider all the facts and circumstances of the case to determine whether "the jury could have convicted [the d]efendant based upon a deficient understanding of the legal meaning of . . . an essential element of the crime." *Barber*, 2004-NMSC-019, ¶ 25.

{7}    In this case, the jury was instructed that in order to convict Defendant of aggravated assault, it had to find beyond a reasonable doubt that Defendant "used a

knife" in threatening Victim. This uniform jury instruction (UJI) includes the specific name of the weapon in the instruction only. In instances where the weapon used "is specifically listed in [NMSA 1978,] Section 30-1-12(B) [(1963),]" defining a "deadly weapon," the uniform jury instruction calls for the inclusion of the specific name of the deadly weapon in the instruction. *See* UJI 14-305 use note 3 NMRA. Pocketknives are not specifically listed in Section 30-1-12(B) (listing switchblade knives, bowie knives, butcher knives, and dirk knives), and our Supreme Court has specifically held that a pocketknife is not per se a deadly weapon. *See State v. Nick R.*, 2009-NMSC-050, ¶ 43, 147 N.M. 182, 218 P.3d 868 (declining to hold that a pocketknife is per se a deadly weapon, citing "far-reaching" implications of such a holding). When the object used as a weapon "is not specifically listed in Section 30-1-12(B)," the UJI requires that the jury be instructed to find that the defendant used a deadly weapon and specifies that the object used—in this case, a pocketknife—only qualifies as a deadly weapon if, when used as a weapon, it "could cause death or great bodily harm." UJI 14-305. Under this alternative, the jury must also be instructed as to the definition of "great bodily harm" set forth in UJI 14-131 NMRA. UJI 14-305 use note 4. The jury was not instructed on the meaning of deadly weapon or given the definition of great bodily harm.

{8}     To determine whether the omission of an essential element amounts to

fundamental error, we consider whether the missing deadly weapon instruction was capable of confusing the jury in such a way that it could have convicted Defendant based on a deficient understanding of the legal significance of the knife. *See Barber*, 2004-NMSC-019, ¶ 26.There was no evidence at trial that this particular pocketknife could cause death or bodily harm. Indeed, the Victim was unable to describe the knife other than to say it was black and there was no evidence that Defendant cut Victim with the knife. While Defendant owned a black, folding pocketknife measuring somewhere between three and four inches long when closed and admitted to having grabbed Victim, he denied having used the pocketknife to threaten Victim. Whether the pocketknife posed enough of a danger to be considered a deadly weapon was a matter at issue in trial. Defense counsel contended during opening statements that the State would not put forth any proof that a deadly weapon was used, diminishing the threat posed by the pocketknife. During closing arguments, defense counsel argued that the State failed to put forth enough evidence of Defendant's use of a deadly weapon to support a conviction for aggravated assault with a deadly weapon. The evidence presented at trial is sufficient to put the deadly weapon element at issue in the case, and is insufficient to render the issue undisputed. *See Sutphin*, 2007-NMSC-045, ¶ 16. Although Defendant's behavior toward Victim may have rendered his possession of the pocketknife dangerous, it was for the jury to determine whether the

6

pocketknife qualified as a deadly weapon and was used as such. *See* UJI 14-305. The instructions given failed to apprise the jury of its responsibility to make those determinations. *See* UJI 14-5020 NMRA (providing that it is for the jury alone to judge the credibility of the witnesses and weight of their testimony); *see also State v. Cabezuela*, 2011-NMSC-041, ¶ 21, 150 N.M. 654, 265 P.3d 705 (acknowledging that jury instructions are to be read and considered as a whole). We therefore conclude that the jury was not properly instructed on all essential elements of aggravated assault with a deadly weapon, and as a result, the jury could have convicted Defendant based upon a deficient understanding of the elements of aggravated assault and the legal meaning of "deadly weapon." *See State v. Radosevich*, 2016-NMCA-060, ¶¶ 8-10, 376 P.3d 871 (pointing out that a kitchen knife was not among those listed in Section 30-1-12(B)'s definition of "deadly weapon" and the jury therefore should have been instructed on the deadly weapon alternative of UJI 14-305), *rev'd on other grounds by Radosevich*, 2018-NMSC-028, ¶ 34, 419 P.3d 176.

{9}    Because the jury was never instructed that the use of a deadly weapon was an element of the crime, we conclude Defendant was deprived of his fundamental right to have the jury determine whether each element of the charged offense was proven beyond a reasonable doubt. Defendant's conviction for aggravated assault with a deadly weapon was therefore the result of fundamental error and must be reversed. *See*

7

*Radosevich*, 2016-NMCA-060, ¶¶ 8-10 (reversing the defendant's conviction for aggravated assault with a deadly weapon based on fundamental error in the district court's failure to instruct the jury on the deadly weapon alternative in UJI 14-305 where the defendant used a three-and-one-half-inch kitchen knife).

**B.      Sufficiency of the Evidence**

{10}      We look next to Defendant's assertion that there was insufficient evidence to support his convictions. *See State v. Mascarenas*, 2000-NMSC-017, ¶ 31, 129 N.M. 230, 4 P.3d 1221 (addressing sufficiency argument in an effort to ensure no double jeopardy violation); *State v. Rosaire*, 1996-NMCA-115, ¶ 20, 123 N.M. 250, 939 P.2d 597 ("[W]e hold that where the [district] court errs by failing to instruct the jury on an essential element of the crime, retrial following appeal is not barred if the evidence below was sufficient to convict the defendant under the erroneous jury instruction.") When reviewing for sufficiency, "we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 (internal quotation marks and citation omitted). The question then becomes "whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). Initially, with regard to Defendant's battery charge, we note Defendant's

admission that he committed the battery, along with the Victim's testimony that Defendant choked him and threw him to the ground, viewed in the light most favorable to the guilty verdict, is sufficient to support Defendant's battery conviction pursuant to NMSA 1978 Section 30-3-4 (1963). *Holt*, 2016-NMSC-011, ¶ 20. With regard to Defendant's aggravated assault with a deadly weapon charge, we measure for sufficiency according to the jury instructions given at trial. *Id.* (noting that, once given, jury instructions become the law of the case against which the sufficiency is to be measured). With regard to the aggravated assault with a deadly weapon charge, the district court instructed the jury that the State had to prove, beyond a reasonable doubt, five elements: (1) that Defendant threatened Victim with a knife, (2) that Defendant's conduct caused Victim to believe Defendant was about to intrude on Victim's bodily integrity or personal safety by touching or applying force to Victim in a rude, insolent, or angry manner, (3) that a reasonable person in Victim's circumstances would have had the same belief, (4) that Defendant used a knife, and (5) that this occurred in New Mexico on June 20, 2014. Victim's testimony, viewed in the light most favorable to the verdict, established that Defendant attacked, pushed, and choked him, that Defendant threatened him with a pocketknife, and that he was afraid Defendant would kill him.[1] This testimony, when considered in the light most

---

[1]Victim testified that this event occurred on June 20, 2014, in Lincoln County, New Mexico.

9

favorable to the verdict, is sufficient to support each element of the instruction given.

{11}    Defendant argues that the State did not present sufficient evidence to prove beyond a reasonable doubt that the pocketknife involved in the assault was a deadly weapon. As discussed above, the jury instruction given, though flawed, required only that the jury find beyond a reasonable doubt that Defendant threatened Victim with a knife. Victim's testimony was sufficient to establish that element for purposes of our analysis on appeal. Defendant also argues, based upon his view of the credibility of the State's witnesses and the weight of the evidence against him, that the State failed to prove the remaining elements because the evidence that it presented was unreliable. To the extent that witnesses' testimony was subject to questions about its reliability, defense counsel was given, and took, the opportunity to argue that issue to the jury. As an appellate court, we do not reweigh the evidence; it was for the jury to decide whether Victim's testimony was credible, reconcile any conflicts in the evidence, and determine where the truth falls. *State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057 ("New Mexico appellate courts will not invade the jury's province as fact-finder by second-guessing the jury's decision concerning the credibility of witnesses, reweighing the evidence, or substituting its judgment for that of the jury." (alteration, internal quotation marks, and citation omitted)).

{12}    Finally, because we cannot predict whether or how the letter would be used

10

upon retrial, we decline to decide Defendant's claim that the district court erred when it allowed the State to read the letter created by the Victim and his mother into evidence.

**CONCLUSION**

{13}     We affirm Defendant's battery conviction, reverse Defendant's conviction for aggravated assault with a deadly weapon, and remand for a new trial on this charge.

{14}     **IT IS SO ORDERED.**

_____
**JULIE J. VARGAS**

**WE CONCUR:**

_____
**STEPHEN G. FRENCH, Judge**

_____
**EMIL J. KIEHNE, Judge**