This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37770**

**STATE OF NEW MEXICO,**

>      Plaintiff-Appellant,

v.

**CORY WILLIAM CHANDLER,**

>      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Hector H. Balderas, Attorney General
Eran Sharon, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** The State appeals from the district court's order regarding Defendant Cory Chandler's sentence for tampering with evidence, contrary to NMSA 1978, Section 30-22-5 (2003). The State argues that the jury convicted Defendant of third-degree tampering and the district court erred in determining that Defendant's crime was punishable as a petty misdemeanor rather than a third-degree felony. We affirm.

## DISCUSSION

**{2}** Defendant was charged with two crimes after he shot and killed Harvey Saavedra: (1) first degree murder and the lesser included offenses of second-degree murder and manslaughter (Count 1); and (2) tampering with evidence (Count 2) based on Defendant's admission that he had thrown the gun in a dumpster after the shooting. Defendant argued self-defense at trial and the jury ultimately acquitted on the murder charges, but convicted Defendant of tampering with evidence.

**{3}** At issue on appeal is whether the district court erred by concluding that Defendant could stand convicted and be sentenced for only petty misdemeanor tampering. We begin our discussion with an overview of the controlling law before turning to the particular facts of this case.

**{4}** "In 2003 the New Mexico Legislature amended the tampering with evidence statute, which historically had defined a single tampering offense with a single fourth-degree felony punishment, to incorporate a tiered offense and sentencing scheme correlating the punishment for the tampering conduct with the level of the underlying crime to which the evidence related." *State v. Radosevich*, 2018-NMSC-028, ¶ 9, 419 P.3d 176. The statute now provides,

> A. Tampering with evidence consists of destroying, changing, hiding, placing or fabricating any physical evidence with intent to prevent the apprehension, prosecution or conviction of any person or to throw suspicion of the commission of a crime upon another.
>
> B. Whoever commits tampering with evidence shall be punished as follows:
>
> (1) if the highest crime for which tampering with evidence is committed is a capital or first[-]degree felony or a second[-]degree felony, the person committing tampering with evidence is guilty of a third[-]degree felony;
>
> (2) if the highest crime for which tampering with evidence is committed is a third[-]degree felony or a fourth[-]degree felony, the person committing tampering with evidence is guilty of a fourth[-]degree felony;
>
> (3) if the highest crime for which tampering with evidence is committed is a misdemeanor or a petty misdemeanor, the person committing tampering with evidence is guilty of a petty misdemeanor; and
>
> (4) if the highest crime for which tampering with evidence is committed is indeterminate, the person committing tampering with evidence is guilty of a fourth[-]degree felony.

Section 30-22-5; *see Radosevich*, 2018-NMSC-028, ¶ 27 (holding that "Section 30-22-5(B)(4) cannot be constitutionally applied to impose greater punishment for commission of tampering where the underlying crime is indeterminate than the punishment prescribed under Section 30-22-5(B)(3) where the underlying crime is a misdemeanor or petty misdemeanor").

**{5}** Subsection (A) of the statute defines the conduct that constitutes the basic act of tampering, and Subsection (B) lays out the sentencing scheme for a defendant convicted of tampering with evidence. *State v. Alvarado*, 2012-NMCA-089, ¶¶ 6-7, 495 P.3d 1125. Because the factors listed in Subsection (B) may increase the legally prescribed punishment, they are elements of the offense that must be found by the jury. *State v. Herrera*, 2014-NMCA-007, ¶¶ 9, 14, 315 P.3d 343 ("The United States Supreme Court has held that, when a statute provides a general definition of prohibited conduct and then lists a set of stepped sentences that increase based on additional factors, any factor listed in the sentencing section of the statute that increases the prescribed sentence is an element of the offense that must be found by a jury beyond a reasonable doubt."); *see also Apprendi v. New Jersey*, 530 U.S. 466, 477, 490 (2000) (holding that a legislature may not constitutionally "remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed" (internal quotation marks and citation omitted)). Consequently, "when the State seeks a conviction under Section 30-22-5(B)(1), tampering with evidence of a capital, first[-], or second[-]degree felony, a determination that the defendant tampered with evidence related to a capital, first[-], or second[-]degree felony must be made by the jury." *Alvarado*, 2012-NMCA-089, ¶ 14. "Absent this determination, the court is limited to sentencing a defendant under the 'indeterminate crime' provision" in Section 30-22-5(B)(4), *Alvarado*, 2012-NMCA-089, ¶ 14, which is punishable only as a petty misdemeanor following our Supreme Court's holding in *Radosevich*, 2018-NMSC-028, ¶ 29, despite the language of Subsection (B)(4) of the tampering with evidence statute.

**{6}** We noted in *Alvarado* that the Uniform Jury Instruction for tampering with evidence then in effect was "insufficient under the *Apprendi* line of cases," 2012-NMCA-089, ¶ 16, which hold that "any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Radosevich*, 2018-NMSC-028, ¶ 19 (alteration, internal quotation marks, and citation omitted). In response, UJI 14-2241 NMRA was amended in 2013 to require that the underlying crime(s) be identified in the instruction and that "separate instructions be given for each crime with respect to which defendant was charged with tampering with evidence." UJI 14-2241 Ann.[1] In addition, our Supreme Court adopted a companion special verdict form for tampering with evidence, UJI 14-6019, which requires the jury to indicate whether it "unanimously [found] beyond a reasonable doubt that [the defendant] committed tampering with evidence related to [a specifically-identified underlying crime or violation]."

---

[1]UJI 14-2241 and UJI 14-6019 NMRA were amended again in 2019, after the trial in this case, but the changes are not material to our analysis. All references in the opinion are to the version in effect from December 31, 2013 to December 31, 2019.

**{7}** Following the 2013 amendment, the use notes for UJI 14-2241 made clear that "[the] instruction *must* be repeated for each category of crime for which tampering with evidence is alleged to have been committed," and that the special verdict form in UJI 14-6019 "*must* be repeated for each category of offense as defined in Section 30-22-5(B)." UJI 14-2241, use notes 1, 3 (emphases added); *see also* UJI 14-6019, use note 1 (stating that the form "must be separately submitted to the jury for each category of crime for which tampering with evidence is alleged to have been committed in order for the sentencing court to determine the permissible range of punishment under . . . Section 30-22-5"). These changes ensured, in line with *Apprendi*, that a conviction for tampering with evidence above the petty misdemeanor level would be supported by a jury finding that the tampering related to a particular crime. *See Alvarado*, 2012-NMCA-089, ¶ 14; *see also State v. Barber* 2004-NMSC-019, ¶ 10 n.1, 135 N.M. 621, 92 P.3d 633 (recognizing that use notes adopted by the New Mexico Supreme Court are binding authority).

**{8}** The jury instructions in this case did not conform to UJI 14-2241 and UJI 14-6019. Defendant was charged with first-degree murder and the lesser included offenses of second-degree murder and voluntary manslaughter (first-, second-, and third-degree felonies, respectively)—crimes falling into two separate categories for purposes of the tampering charge. *See* § 30-22-5(B)(1), (2). Although the State proposed a tampering instruction that identified all three offenses, the district court declined to give it and ultimately instructed the jury that the State must prove:

1.      The defendant destroyed, changed, hid, or placed a gun;

2.      By doing so, the defendant intended to prevent the apprehension, prosecution, or conviction of himself *for the crime of first*[-]*degree murder*;

3.      This happened in New Mexico on or about the 28th day of April, 2017.

(Emphasis added.) The district court also declined to use the special verdict forms requested by the State and instead issued a general verdict form, which asked only whether Defendant was guilty or not guilty of tampering with evidence.

**{9}** After the jury returned its verdict, a question arose as to how the tampering conviction should be classified under Section 30-22-5(B) for purposes of determining whether Defendant was convicted of a third-degree felony or a petty misdemeanor, a determination that impacted Defendant's exposure at sentencing. The district court ultimately concluded that the tampering conviction must be sentenced as a petty misdemeanor because "the level of the underlying crime cannot be determined." The State appeals from this decision, arguing that Defendant should have been sentenced for third-degree tampering under Section 30-22-5(B)(1).[2] We review the district court's

---

[2]The State also argued in its reply brief that the erroneous instructions were the result of invited error. We disagree with the State's argument for two reasons. First, though we acknowledge that the prosecutor made every effort to comply with UJI 14-2241 and 14-6019, we cannot say that Defendant alone caused

interpretation and application of the tampering statute de novo. *State v. Brown*, 1999-NMSC-004, ¶ 8, 126 N.M. 642, 974 P.2d 136.

**{10}**    The State suggests that the jury's general verdict is sufficient to support the enhanced penalty because the jury instruction identified the underlying felony as first-degree murder. Notwithstanding this, "the *Apprendi* line of cases precludes imposition of the enhanced third-degree felony penalty in Section 30-22-5(B)(1) for tampering in the absence of a jury finding that the tampering related to evidence of a first- or second-degree felony." *Rasosevich*, 2018-NMSC-028, ¶ 20. Given the flawed and confusing nature of the tampering instructions provided by the district court, along with the fact that Defendant was acquitted of first-degree murder and each of the lesser included offenses of that crime, we conclude the required finding is lacking here.

**{11}**    First, the State has not persuaded us that we can constitutionally impose a third-degree felony sentence without the specific finding set forth in the special verdict form. *See* UJI 14-6019. Beyond that, however, the instruction in this case was insufficient to make clear to the jury that one of the issues before it was which degree of underlying offense the tampering pertained to. The instruction omitted the two lesser included offenses, depriving the jury of the opportunity to consider whether the tampering related to all of the crimes for which Defendant was charged. And the jury was also instructed that "as to the charge of first[-]degree murder contained in Count 1, there are four possible verdicts: (1) guilty of first[-]degree murder; (2) guilty of second[-]degree murder; (3) guilty of voluntary manslaughter; [or] (4) not guilty." From this framing of the charges, the jury might have concluded that if the tampering pertained to any of the lesser included offenses, then it pertained to first-degree murder. For these reasons, we conclude the instruction and general verdict form were confusing and misleading in that they did not adequately alert the jury that it needed to determine the crime, if any, to which the tampering related. We therefore hold that the jury's general verdict is insufficient to establish a finding on the level of the underlying offense.

**{12}**    Consequently, the district did not err in adjudicating Defendant guilty of and sentencing Defendant for a petty misdemeanor under the "indeterminate crime" provision of Section 30-22-5(B)(4). *See Radosevich*, 2018-NMSC-028, ¶ 30 (stating that "because the jury made no finding beyond reasonable doubt of the level of the underlying crime, the district court on remand should amend the judgment and sentence to reflect a conviction and sentence for indeterminate offense tampering"); *Alvarado*,

---

the instructional error—our review of the transcript shows that the district court was the first one to question whether the special verdict form was necessary. More fundamentally, the State has not shown that our invited error jurisprudence has any application here. New Mexico courts have relied on the invited error doctrine when defendants seek appellate review of deficient jury instructions and were themselves the cause of the instructional error. *See, e.g.*, *State v. Ortega*, 2014-NMSC-017, ¶ 34, 327 P.3d 1076 ("A party may not be rewarded with a new trial when it invites jury instruction error and subsequently complains about that very error."); *State v. Padilla*, 1986-NMCA-063, ¶ 11, 104 N.M. 446, 722 P.2d 697 (noting that this Court has refused to review invited error). The State has not shown if or how the doctrine applies in an appeal initiated by the State, and in the absence of a developed argument, we decline to consider it further. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to entertain a cursory and undeveloped argument).

2012-NMCA-089, ¶ 14 (stating that in the absence of a jury determination on the level of the offense, "the court is limited to sentencing a defendant under the 'indeterminate crime' provision").

**CONCLUSION**

**{13}** We affirm.

**{14}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**ZACHARY A. IVES, Judge**