This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40872**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**GREGORY D. VIGIL,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Aletheia V.P. Allen, Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Jasmine J. Solomon, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** After a jury trial, Defendant Gregory Vigil was convicted of tampering with evidence, contrary to NMSA 1978, Section 30-22-5 (2003). On appeal, Defendant argues that the jury instruction for tampering with evidence given at trial was erroneous because it did not include a legally sufficient actus reus. Unpersuaded, we affirm.

**DISCUSSION**

**{2}** Defendant argues that the jury instruction given at trial erroneously allowed the jury to convict Defendant without finding that Defendant committed a legally sufficient act of tampering. Because Defendant preserved his jury instruction argument, we review for reversible error.[1] *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134. Our task is "to determine whether a reasonable juror would have been confused or misdirected by the jury instruction." *Id.* (citation omitted) (text only). Juror confusion or misdirection may stem from an instruction that, through omission or misstatement, fails to accurately convey the relevant law. *Id.*

**{3}** Here, the instruction given at trial stated:

> For you to find [D]efendant guilty of tampering with evidence as charged, the [S]tate must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> > 1. [D]efendant hid a bottle of previously collected urine in his pants in order to fabricate a urinalyses; [*sic*]
> >
> > 2. By doing so, [D]efendant intended to prevent the apprehension, prosecution, or conviction of himself for a violation of probation;
> >
> > 3. This happened in New Mexico on or about the 4th day of January, 2022.

**{4}** Defendant challenges only the first element, arguing that "[h]iding a bottle of previously collected urine" is not legally sufficient to satisfy the actus reus of tampering and that the given instruction omitted an essential element of the offense. In support of this argument, Defendant presents a hypothetical in which a probationer conceals previously collected urine on their person, but instead of using the urine to falsify a test, the person decides to provide a true sample. Defendant argues these facts do not amount to tampering with evidence, even though the hypothetical probationer possessed and concealed previously collected urine. But these are not the facts of Defendant's case, and we will not opine on whether reversal would be required in the scenario imagined by Defendant. The question before us is whether the first element of the given instruction conveyed a legally adequate actus reus element, and we conclude that it did under the facts of this case.

**{5}** Unlike Defendant's hypothetical, here, testimony was elicited at trial that Defendant actually transferred previously collected urine from the bottle in his pants to a cup provided by his probation officer. The previously collected urine was in a hand

---

[1]Defendant presents the same legal theory in support of his claim that the given jury instruction resulted in fundamental error. Specifically, he argues that the failure to include a legally sufficient actus reus element in the given instruction resulted in him being convicted of a "non-existent crime." Because we are not persuaded that the given instruction lacked a valid actus reus element, we reject Defendant's claim of fundamental error for the same reasons that we reject his claim of reversible error.

sanitizer bottle that Defendant had brought with him to his scheduled urinalysis test. After being instructed to provide a urine sample, Defendant transferred some of the previously collected urine into the probation officer's cup. Only then did his probation officer notice that there was a "white paper substance that looked like tape" on Defendant's person and discover the hand sanitizer bottle strapped to Defendant's leg. The officer instructed Defendant to clothe himself while the officer acquired handcuffs. When the officer returned, the empty hand sanitizer bottle had been thrown in the trash. Defendant was subsequently arrested by law enforcement, and he confessed to attempting to fabricate the urinalysis.

**{6}** Because there is no dispute that Defendant continued to keep the hand sanitizer bottle hidden on his person after he placed the previously collected urine in the cup, we are not persuaded that the actus reus in the given instruction is legally insufficient in this case. One actus reus set forth in the tampering statute, § 30-22-5(A), is "hiding . . . physical evidence." *See* UJI 14-2241 NMRA. Here, hiding the bottle from the probation officer after placing the urine from the bottle in the cup amounts to tampering with evidence. Stated differently, by trying to keep the bottle out of view in the course of actually providing the probation officer with a sample of urine he had previously collected, Defendant hid circumstantial evidence of a probation violation.

**{7}** Defendant argues that the only legally viable actus reus under the circumstances here was falsification of the urine sample itself. In support of this argument, Defendant cites *State v. Jackson*, 2010-NMSC-032, ¶ 1, 148 N.M. 452, 237 P.3d 754, *overruled on other grounds by State v. Radosevich*, 2018-NMSC-028, ¶¶ 1-2, 419 P.3d 176. But the issue presented to our Supreme Court in *Jackson* did not pertain to the scope of the actus reus of tampering. Indeed, our Supreme Court stated, "There is no question that [the d]efendant's stipulated conduct—falsifying his urine sample—satisfies the actus reus portion of the statute." *Id.* ¶ 9. The Court stated that "[t]he sole issue before [it was] whether, as an essential element of the tampering statute, the [s]tate had to allege that [the d]efendant tampered with evidence of an identifiable, underlying crime." *Id.* That issue is not before us in Defendant's case. Although the state's theory in *Jackson* happened to be that falsifying a urine sample satisfied the actus reus of tampering, nothing in *Jackson* or any other authority of which we are aware supports the proposition that the *only* legally sufficient actus reus of tampering in the context of giving a urine sample is the falsification of the sample itself.

**{8}** Because Defendant has not carried his burden of demonstrating that error occurred in this case, *see State v. Doyal*, 2023-NMCA-015, ¶ 6, 525 P.3d 412, we decline to hold that the given instruction omitted the requisite actus reus element.

**CONCLUSION**

**{9}** We affirm.

**{10} IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**GERALD E. BACA, Judge**