This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40596**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**GARY ALLEN MAREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew E. Chandler, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Attorney General
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Defendant appeals the district court's judgment and sentence convicting him in part of tampering with evidence, aggravated assault, and larceny. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Defendant maintains that the evidence was insufficient to support his conviction for tampering with evidence of aggravated burglary.

[MIO 6] Specifically, Defendant asserts that, because the jury acquitted him of aggravated burglary, his conviction for tampering with evidence relating to aggravated burglary must be vacated. [MIO 1, 6] To the extent Defendant's assertion in this regard raises a constitutional issue, we review it de novo. *State v. Alvarado*, 2012-NMCA-089, ¶ 5, 495 P.3d 1125. Otherwise, we review the sufficiency of the evidence from a highly deferential standpoint, viewing the evidence "in the light most favorable to the state, and we resolve all conflicts and make all permissible inferences in favor of the jury's verdict." *State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (alterations, internal quotation marks, and citation omitted). We look to the jury instructions to determine what the jury was required to find in order to convict Defendant. *See id.*; *see also State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alterations, internal quotation marks, and citation omitted)).

**{3}** To convict Defendant of tampering with evidence, the jury had to find that the State proved beyond a reasonable doubt that Defendant hid a 0.45 caliber pistol, intending to prevent the apprehension, prosecution, or conviction of himself for the crime of burglary. [2 RP 271] *See* UJI 14-2241 NMRA (listing elements of tampering with evidence). Because the factors listed in the tampering with evidence statute, NMSA 1978, Section 30-22-5(B) (2003), may increase the legally prescribed punishment, they are also elements of the offense that must be found by the jury. *See State v. Herrera*, 2014-NMCA-007, ¶¶ 9, 14, 315 P.3d 343 ("The United States Supreme Court has held that, when a statute provides a general definition of prohibited conduct and then lists a set of stepped sentences that increase based on additional factors, any factor listed in the sentencing section of the statute that increases the prescribed sentence is an element of the offense that must be found by a jury beyond a reasonable doubt."); *see also* UJI 14-2241 comm. cmt. ("[F]elony liability for tampering may only be accomplished through proper use of UJI 14-6019 [NMRA] to ensure express jury findings supporting the felony tampering provisions."). The jury was, therefore, also required to find beyond a reasonable doubt that Defendant "committed tampering with evidence related to [a]ggravated [b]urglary." [1 RP 205] *See* UJI 14-6019 (tying tampering with evidence to underlying crime using a special verdict form).

**{4}** In this case, Defendant was seen outside a residence with a handgun and a bag of items taken from the residence, was chased by police on foot, and was seen carrying a handgun during the chase. [1 RP 194; MIO 3] When the officers caught up with Defendant, he no longer had the handgun on his person. [MIO 3] Police searched the area, and found a 0.45 caliber pistol in the yard outside the residence where Defendant was first seen. [*Id.*] The jury found that this evidence was sufficient to prove, beyond a reasonable doubt, that Defendant "committed tampering with evidence related to [a]ggravated [b]urglary." [1 RP 205] We therefore conclude that the evidence was sufficient to satisfy each element of tampering. *See State v. Ramirez*, 2018-NMSC-003, ¶¶ 14-15, 409 P.3d 902 (concluding that, when a gun that fired the casings found at the crime scene was recovered "not far from where police officers first encountered" the defendant, there was sufficient evidence to support tampering with underlying charge of aggravated assault); *State v. Carrillo*, 2017-NMSC-023, ¶ 46, 399 P.3d 367 (rejecting

the defendant's sufficiency challenge to tampering, noting that the jury could logically deduce or infer—from testimony that the defendant had a gun in his hand, fled on foot, and did not have a gun when stopped soon thereafter—that the defendant hid or otherwise disposed of a gun to prevent apprehension, prosecution, or conviction).

{5}     We are mindful that much of our case law rejects tampering sentences where the jury did not make an adequate finding regarding the level of the underlying offense due to some flaw or inadequacy in the jury instructions. *See, e.g.*, *State v. Chavez*, 2022-NMCA-007, ¶ 34, 504 P.3d 541 (reversing tampering conviction where jury determination that tampering related to first or second degree murder was based on "incomplete instructions"), *cert. granted* (S-1-SC-39058, Jan. 13, 2022); *State v. Radosevich*, 2018-NMSC-028, ¶ 30, 419 P.3d 176 (reversing conviction for felony tampering because the jury made no finding regarding the level of underlying crime). In fact, UJI 14-2241 and UJI 14-6019, were created to ensure that a conviction for tampering with evidence would be supported by a jury finding relating the tampering to a particular crime. *See Radosevich*, 2018-NMSC-028, ¶¶ 29, 32 (holding that Section 30-22-5(B)'s "provision of enhanced felony penalties where a jury cannot or does not find the level of the underlying offense, and thereby the level of the tampering crime[,] cannot be constitutionally imposed" and referring the issue to the Criminal Uniform Jury Instructions Committee to revise the instructions to reflect that holding); UJI 14-6019, comm. cmt. ("Because the permissible punishment range under Section 30-22-5 depends on the highest crime for which tampering with evidence is committed, the jury must clearly identify the crime for which tampering with evidence is alleged to have been committed."). Here, though, the jury was instructed in accordance with UJI 14-2241 and UJI 14-6019, and Defendant has not made any challenge to the adequacy of the instructions. As a result, we conclude that the jury's special verdict, finding that Defendant committed tampering with evidence related to aggravated burglary, is sufficient to ensure Defendant's conviction does not violate due process. *See Radosevich*, 2018-NMSC-028, ¶ 29 (recognizing a constitutional issue "inherent in permitting a defendant to be punished for anything above the lowest level of an offense . . . if the jury does not find the tampering was committed in connection with an offense that would justify an enhanced punishment").

{6}     To the extent Defendant asserts that his acquittal on the aggravated burglary charge requires that his conviction for tampering with evidence be vacated, we disagree. "It is clear from the plain language of the statute that a defendant need not be convicted of the underlying crime to be convicted of tampering with evidence of that crime." *Alvarado*, 2012-NMCA-089, ¶ 8; *see also Radosevich*, 2018-NMSC-028, ¶¶ 28-29 (acknowledging that "the very nature of tampering with evidence may mean that the only evidence with which to prove the nature of the underlying crime has been destroyed" and recognizing the "wisdom of the Legislature's intent to provide sanctions for situations in which it is clear a defendant tampered with evidence of a crime to such an extent that an underlying crime could not be successfully prosecuted"). Defendant has cited no authority to suggest otherwise, or to support his assertion that acquittal for an underlying offense demands, or even warrants, vacating a tampering conviction. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not

consider an issue if no authority is cited in support of the issue and . . ., given no cited authority, we assume no such authority exists."). We are therefore unpersuaded by the arguments Defendant raises in his memorandum in opposition as to this issue.

{7}     As to Defendant's challenge to the sufficiency of the evidence supporting his convictions for aggravated assault and larceny, Defendant has not asserted any new facts, law, or argument that persuade us that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{8}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we summarily affirm Defendant's convictions.

{9}     **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**KATHERINE A. WRAY, Judge**